The panel is now in session. The Honorable Judges Kurtz, Ferris, and Spraker will be talking. Good morning. Please be seated. Welcome. I'd like to introduce the panel. On my right is Judge Ferris. He's the Chief Judge from Hawaii. On my left is Judge Spraker. He is the Chief Judge from Alaska, so quite some variance there. I'm Frank Kurtz. I'm the Chief of the Bankruptcy Appellate Panel, and I'm from Yakima, Washington. A couple comments that when your case is called, please come forward. If you're the appellate, you can reserve some time from the 15 minutes allotted for argument, and I will ask you how much time you're going to reserve. But when you come to the podium, I'll also ask you to introduce yourself and to tell the panel whom you represent. Respondents get an equal amount of time but no opportunity to reserve any time. Fifteen minutes sometimes seems not like a sufficient period of time to argue your case, but it's useful to keep a couple things in mind. One is that normally we're pretty prepared. We've read the briefs, and so we know a little bit about the case, so you don't really have to bring us up to speed. The other thing is you're arguing frequently bankruptcy law to three bankruptcy judges, and so probably could skip that part where you explain to us how the bankruptcy law works. So my advice to people on oral argument always is the same. Get to your important points. Tell us why it is you should prevail. That's the key thing to talk about. Please call the first case. Mr. Barker, can you hear me? Yes, I can, Your Honors, and I very, very much appreciate the court allowing me to appear telephonically. I am some 2,500 miles distant in Hawaii, but I can hear you absolutely clearly, and I hope that I can also be heard in return. Thank you. You have 15 minutes. Please proceed. Given your introduction and that you are likely all three conversant with my appeal, I won't be redundant to the greatest extent possible other than to just briefly cover. I make the appeal as a creditor in the case, and while I am what one might think of a financially quite small creditor, what's important here is, at least from my perspective and the reason that I bring this petition and appeal, is because there was simply what I view as complete disregard for any attempt on the part of either the trustee or the court. There was no intellectual curiosity as to whether the claim of the senior creditor had any validity, much less quantifying that. The claim of the senior creditor, which was Bank of New York Mellon, is just simply not even questioned when that very much is at question there. Their accounting, the accounting background, the transfer of the loan as it passes from one hand to the next from countrywide mortgage originally. Just so the court knows, and I'm not sure it was clear in my brief, I'm not the borrower on this loan. I inherited the property, so to speak, as a success or an interest, and I was the owner of the property, but the loan was to my mother-in-law, who became deceased sometime after the loan was originated. I made many attempts to actually assume the loan, but I was rebuffed at every stage and through every handler of the loan. I was more than willing to become the substitute obligor, but I just simply was not accepted. They commenced the foreclosure, and naturally I raised the objection that there certainly has to be some proving of the debt. Ultimately, this property ended up getting vested in Principia Equitas, which was just a single asset limited liability company just for the purpose of this property. My intention was simply to have the facts and documents flushed out. It's very frustrating. Again, I'm a pro se appellant, but it's very frustrating because there just simply was no attention paid as to any determination of what the amount or even the baseline validity of the claim was. There was considerable examination as to the value of the asset, which is entirely appropriate, but none whatsoever as to the valuation of what appeared to be the senior creditor. That affects all of the junior creditors. Certainly, whatever the valuation of the asset is is obvious in a bankruptcy case. My appeal is simply to require that either the court or the trustee, Kenneth Eiler, make that inquiry and to determine, have the documents produced and testimony if necessary, determine is this a valid claim, and then if so, what is the correct amount of that claim so that us small junior creditors behind them aren't just thrown out into the cold. That was what I felt was certainly not appropriate. The attorneys for Principia Equitas simply refused to do anything about it. They, in fact, seemed to fear, in fact, directly said so. They feared that the court would sanction them. Again, you are all very, very conversant in bankruptcy law. To me as a layperson, that's very quizzical to me. Why would anybody sanction an attorney simply for saying we have a disputed debt and because it's disputed, we need to have that quantified and verified and documented? It seems like a perfectly reasonable request. Again, without being redundant as to my actual appeal, that's what I asked the court to do today. Thank you very much. Thank you very much. The case is now deemed submitted. We'll issue an opinion, and we'll get it to you as soon as possible. Thank you very much. Thank you very much, Your Honor.
judges: Kurtz, Faris, and Spraker